UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAGEED AKRAWI,

       Plaintiff,

                                       Case No. 10-CV-13234
vs.                                 HON. GEORGE CARAM STEEH

JOHN REMILLET, et al.,

       Defendants.

_____/

OPINION AND ORDER ACCEPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION AS MODIFIED, GRANTING IN
PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT [DOC. 11], AND GRANTING IN PART AND DENYING IN
PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [DOC. 18]

      Plaintiff Rageed Akrawi filed this 42 U.S.C. §1983 action against defendants

John Remillet and Barbara Sampson in their individual and official capacities on August

14, 2010.  The complaint asserts that defendants violated plaintiff's right, under the

Fourth Amendment and Michigan law, to be free from false imprisonment and false

arrest when they ordered him to report to the Parole Office or face arrest after he had

been discharged from his parole.  Plaintiff also alleges defendants violated his

Fourteenth Amendment and state due process rights by cancelling his parole discharge

without first providing notice and a hearing.  Plaintiff seeks a declaration that his

constitutional rights were violated, an injunction reinstating the discharge of parole, and

compensatory and punitive damages.  This matter is before the court on plaintiff's

motion for summary judgment as to liability and defendants' motion for summary

judgment.

      The Magistrate Judge issued a report and recommendation ("*Report*") which

recommends that defendants' motion be granted in part and denied in part, and plaintiff's motion be granted in part and denied in part. The court has reviewed the file, record, and magistrate judge's report and recommendation. Objections to the *Report* have been filed by both parties within the established time period and have been duly considered. The court accepts the magistrate judge's report and recommendation, with modifications described below.

In 1989, plaintiff was sentenced to life without parole for violation of M.C.L. 333.7401(2)(a)(1), conspiracy to deliver and manufacture more than 650 grams of cocaine. Subsequently, the Michigan Legislature amended the state's drug laws and changed the sentence for this offense to life with the possibility of parole. On December 2, 2008, plaintiff was released from custody on a four-year term of parole. M.C.L. 791.234(8)(d) provides that parole granted in such a case "shall be for a period of not less than 4 years" and that the parole "is not valid until the transcript of the record is filed with the attorney general whose certification of receipt of the transcript shall be returnable to the office of the parole board within 5 days." M.C.L. 791.234(8)(d). Due to a clerical error, the Parole Board did not file the transcript with the Attorney General's Office until July 20, 2010.

On December 14, 2009, plaintiff's Parole Agent submitted a Parole Action Request ("PAR") to the Parole Board, asking that plaintiff be discharged from parole early. Defendant Remillet approved the PAR and forwarded it to the Parole Board. Two Parole Board members signed off on the PAR. The signature of defendant Barbara Sampson, Chair of the Michigan Parole Board, appears on plaintiff's Parole and Commutation Board Order for Discharge from Sentence, dated March 19, 2010. A

2

parole officer delivered the Order to plaintiff on March 26, 2010.

On July 20, 2010, when the Michigan Parole Board belatedly filed the transcript of plaintiff's public parole hearing with the Michigan Attorney General's Office, an Assistant Attorney General signed the transcript.  On the same day, Sampson concluded that the Parole Board had signed off on plaintiff's early parole in what she perceived to be a violation of M.C.L. 791.234(8)(d), which requires a term of parole be for a period of not less than 4 years.  Sampson immediately issued a Notice of Review of Discharge Action, by which she cancelled plaintiff's parole discharge.  On July 21, 2010, plaintiff signed a memo acknowledging the receipt of the Notice of Review of Discharge Action, which informed him that his discharge had been "cancelled" and ordering his return to parole supervision.  Other than this document, no notice, hearing or information as to why plaintiff's parole discharge was cancelled was provided to plaintiff, either before or after he was placed back under parole supervision.  Plaintiff is currently serving a parole term.

The Magistrate Judge recommends a finding that plaintiff has failed to show that his Fourth Amendment right violations were clearly established at the time of defendants' actions.  Therefore, defendants are entitled to qualified immunity from civil damages for plaintiff's federal claims of false arrest and false imprisonment in violation of the Fourth Amendment.  Plaintiff filed objections to this recommendation.

The Magistrate Judge next concludes that there is no case law that supports plaintiff's assertion that a person who has received a discharge from parole is, at a minimum, entitled to the due process rights provided to a parolee whose parole is revoked.  Since plaintiff's asserted constitutional rights were not clearly established,

3

defendants are entitled to qualified immunity from civil damages on plaintiff's due process claim as well.  Plaintiff filed objections to this recommendation.

Regarding plaintiff's official capacity claims, the Magistrate Judge recommends that such claims are barred by the Eleventh Amendment and defendants are entitled to summary judgment.  There are no objections to this recommendation.

In considering plaintiff's request that the court issue a declaratory judgment that his constitutional rights were violated, the Magistrate Judge recommends a finding that plaintiff has a liberty interest in his discharge from parole that is protected by the Due Process Clause.  The Magistrate Judge concludes that a parolee who receives notice of discharge is entitled to written notice of the alleged reason for the revocation of his discharge and an opportunity to be heard and present evidence that the revocation is in error.  Both parties object to this finding by the Magistrate Judge.

Finally, the Magistrate Judge recommends that this court decline to exercise supplemental jurisdiction over plaintiff's state law claims, which rest on the theory that the applicable state law is in conflict with Michigan's Constitution.  The Magistrate opines that such novel and complex issues of state law are better suited to the state courts.  There are no objections to this recommendation.

I.  <u>Qualified Immunity - False Arrest/Imprisonment</u>

"[G]overnment officials are entitled to qualified immunity from civil damages unless their conduct 'violate[s] clearly established statutory or constitutional rights of which a reasonable person would have known.'" <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1983).  Plaintiff asserts that the Michigan Supreme Court informed defendants that they could not cancel a discharge of parole once a final order of discharge had been

4

delivered to a parolee.  People v. Holder, 483 Mich. 168 (2009).  At that point, the parolee becomes a free person, and a free person cannot be arrested and imprisoned without the protections afforded by the Fourth Amendment.

The Michigan Supreme Court holding in Holder was based on state statutory law, as opposed to constitutional law.  Neither the Holder court, nor any case cited by plaintiff, held that a parolee who receives a discharge from parole has a Fourth Amendment right to be free from being returned to parole supervision, no matter what the conditions surrounding the issuance of the discharge.  The Holder court even suggested that the Legislature could author a law allowing such an act.  So, contrary to plaintiff's argument, no Fourth Amendment right to be free of reinstatement of parole following a discharge was clearly established at the time of defendants' actions. As concluded by the Magistrate Judge, defendants are entitled to qualified immunity from civil damages on plaintiff's federal false arrest and false imprisonment claims.

II.  Qualified Immunity - Due Process

The Supreme Court held that a parolee could not be returned to prison without a revocation hearing because he possessed a conditional liberty interest in remaining outside the prison walls.  Morrissey v. Brewer, 408 U.S. 471, 482 (1972).  However, there are no cases that directly support the position that a person who is discharged from parole is entitled to the same due process rights provided under Morrissey.

Plaintiff's objection to the Magistrate Judge's recommended finding of qualified immunity on the due process claim is that since Holder established that after his discharge from parole he was a free man, the Fourteenth Amendment's protections became applicable to him.  According to plaintiff, it has been clearly established for a

5

long time that the state cannot "pick someone up off the street and imprison them without providing due process of law." Plaintiff argues that a person who has received a legal discharge from parole surely possesses more than a conditional liberty interest and is therefore, at a minimum, entitled to the same due process rights provided under Morrissey.

Again, Holder established what statutory law provides in Michigan, which is that once delivered to the parolee, a discharge of parole cannot be cancelled. The court went on to recognize that the Legislature is free to change the law to permit the DOC to cancel a discharge from parole. There has been no holding by the Michigan Supreme Court, the Sixth Circuit or the United States Supreme Court that a person who has been discharged from parole is entitled to some level of due process protection before the discharge can be cancelled. The court accepts the Magistrate Judge's recommendation that because there are no cases clearly establishing that a parolee who is discharged from parole is entitled to the due process rights provided under Morrissey, defendants are entitled to qualified immunity on this claim.

III.  Due Process

Declaratory relief is appropriate if plaintiff proves that defendants deprived him of a right secured by the Constitution while acting under color of law. Doe v. Wigginton, 21 F.3d 733, 738 (6th Cir. 1994). Even where defendants have "immunity from damages [this] does not . . . bar equitable relief." Wood v. Strickland, 420 U.S. 308, 314 n.6 (1975). The issue is whether defendants deprived plaintiff of a right secured by the Constitution. Plaintiff's claim is that defendants violated his constitutional rights by failing to provide him with due process protection when his parole discharge was

6

cancelled and he was placed back on parole.

For a right to be protected by the Due Process Clause, a person must have more than a unilateral expectation of it. He must have a legitimate claim of entitlement to it. Bd. of Regents v. Roth, 408 U.S. 564, 577 (1972). In discussing the nature of the liberty interest to which a parolee is entitled, the Supreme Court stated "the liberty of a parolee enables him to do a wide range of things open to persons who have never been convicted of any crime. . . . The parolee . . . relie[s] on at least an implicit promise that parole will be revoked only if he fails to live up to the parole conditions." Morrissey, 408 U.S. at 482.

The Magistrate Judge concludes that a parolee who has received notice of discharge has a liberty interest in his discharge that is protected by due process. However, the *Report* posits that the loss of liberty is less than that suffered by a parolee who is wrongfully returned to incarceration. Accordingly, the *Report* reasons that plaintiff may be entitled to *less* than the full list of due process protections outlined in Morrissey.

In Morrissey, the Supreme Court held that a parolee has a valuable liberty interest in his parole status which is protected by the Fourteenth Amendment. Morrissey, 408 U.S. at 482. In regard to what process is due a parolee facing revocation of parole, the Court listed as minimum requirements:

> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written

7

statement by the factfinders as to the evidence relied on and reasons for revoking parole.

Id. at 489.  The State of Michigan sets forth the rights of a parolee who has been accused of a parole violation in M.C.L. 791.240a.  In addition to the rights listed by the Supreme Court in Morrissey, the statute provides that the parolee has a right to counsel at the fact-finding hearing, and if the parolee is determined to be indigent, the parolee has a right to have an attorney appointed and paid for by the state.  M.C.L. 791.240a(4) and (5).

A parolee granted early discharge, like the plaintiff in this case, relies on an implicit promise that his discharge will not be revoked and that any return to custody will be based on new crimes.  The Supreme Court has recognized "a crucial distinction between being deprived of a liberty one has . . . and being denied a conditional liberty that one desires."  Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1, 9 (1979).  Revocation of parole deprives an individual of the "conditional liberty properly dependent on observance of special parole restrictions."  Morrissey, 408 U.S. at 480. On the other hand, revocation of an absolute discharge "is a remission of the remaining portion of [a] sentence" that "after delivery . . . cannot be recalled."  In re Eddinger, 236 Mich. 668, 670 (1926).

The Magistrate Judge correctly observes that in the context of a parole revocation decision as in Morrissey, the deprivation of liberty is from a restricted liberty level to zero (prison).  However, plaintiff's counsel correctly points out that a discharged parolee has an absolute liberty interest indistinguishable from other citizens which enlarges the deprivation resulting from a return to parole status.  In this case the

8

revocation of a discharge order results in a deprivation that takes a person from unrestricted liberty and privacy rights to a severely limited level of freedom.  For example, a return to parole status abrogates many of the Fourth Amendment protections plaintiff had prior to the revocation of his parole discharge.  If a liberty continuum is envisioned, it is impossible to say that the deprivation in one case is necessarily greater than in the other.

Accordingly, this court finds that a person who has been discharged from parole, and has thereby been granted complete freedom, has at least the same due process rights in his liberty as provided in <u>Morrissey</u> and M.C.L. 791.240a.  Because the State of Michigan has already established a scheme for the parole board to provide a fact-finding hearing in the case of revocation of parole, the court will employ that process in granting plaintiff an injunction in this case.

In the context of this dispute involving a person granted a discharge of parole, only to have that discharge revoked, the fundamental due process rights plaintiff is entitled to include:

(1) A fact-finding hearing before one member of the parole board or an attorney hearings officer designated by the chairperson of the parole board.

(2) Written notice that the parole board seeks to rescind the order of discharge, providing the date, time, place and purpose of the hearing, which shall be held within 60 days from the date of this order.

(3) The opportunity to be represented by counsel at the hearing.

(4) The opportunity to present evidence and legal arguments in opposition to rescission of discharge at the hearing.

9

(5) Within 60 days after the hearing, plaintiff must be provided with a written

statement listing findings of fact and the reasons for the parole board's

determination as to rescission of discharge.

Two state law issues that the parties may wish to litigate before the parole board

are: (1) whether <u>Holder</u> prohibits rescission of discharge where rescission occurred due

to a clerical mistake or due to a mistake arising from an oversight or omissions, and (2)

whether M.C.L. 791.234(8)(d) requires only that a parolee such as plaintiff be *placed* on

a parole term of not less than four years, or whether such parolee must actually *serve* a

minimum of four years of parole.

As to the state law claims, the *Report* concluded that these are novel questions

of state law that are best litigated in the state court system.  This court agrees, and

limits its decision to the declaratory and injunctive relief requested on plaintiff's federal

constitutional claims.

IV.  <u>Conclusion</u>

Now, therefore, for the reasons stated above,

IT IS ORDERED that the magistrate judge's report and recommendation is

ACCEPTED AS MODIFIED.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment is

GRANTED IN PART as to declaratory relief, concluding that plaintiff's due process

rights have been violated as outlined in this Opinion.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment is

GRANTED IN PART as to the injunctive relief sought by ordering defendants or their

successors to furnish plaintiff due process rights as outlined in this Opinion.  If the

10

defendants or their successors fail to provide plaintiff with a hearing comporting with the protections outlined above within 60 days from the date of this order, and/or fail to timely furnish plaintiff with a written statement as described, his discharge from parole shall be reinstated.

IT IS FURTHER ORDERED that defendants' motion for summary judgment is GRANTED IN PART as to issues of qualified immunity and Eleventh Amendment immunity.

SO ORDERED.

Dated:  September 29, 2011

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon parties/attorneys of record on
September 29, 2011, by electronic and/or ordinary mail.

S/Marcia Beauchemin
Deputy Clerk