UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAGEED AKRAWI,

       Plaintiff,

                                           Case No. 10-CV-13234

vs.                                      HON. GEORGE CARAM STEEH

JOHN REMILLET, et al.,

       Defendants.

_____/

ORDER GRANTING PLAINTIFF'S APPLICATION
FOR ATTORNEY FEES AND COSTS [DOC. 38]

      Plaintiff Rageed Akrawi filed his 42 U.S.C. §1983 action against defendants John Remillet and Barbara Sampson in their individual and official capacities. The complaint asserted that defendants violated plaintiff's right, under the Fourth Amendment and Michigan law, to be free from false imprisonment and false arrest when they ordered him to report to the Parole Office or face arrest after he had been discharged from his parole. Plaintiff also alleged defendants violated his Fourteenth Amendment and state due process rights by cancelling his parole discharge without first providing notice and a hearing. Plaintiff sought a declaration that his constitutional rights were violated, an injunction reinstating the discharge of parole, and compensatory and punitive damages. This court granted plaintiff's motion for summary judgment in part by declaring that his due process rights had been violated and ordering that he be given a hearing within 60 days, as outlined in the court's opinion and order.

      Plaintiff filed his application to recover his attorney fees and costs as a prevailing party in a case brought pursuant to 42 U.S.C. § 1983. See 42 U.S.C. § 1988. Specifically, plaintiff's counsel expended 107.4 hours on the litigation, for which he charges an hourly rate of $300, for a total fee of $32,220. Costs are sought in the

amount of $798.93.  The total recovery requested by plaintiff is $33,018.93.

The degree of success obtained by a civil rights plaintiff is the most critical factor in determining the reasonableness of a fee award.  Farrar v. Hobby, 506 U.S. 103, 114 (1992).  Defendants argue that plaintiff only achieved half of the relief he sought in his complaint where the court granted his request for declaratory relief, but dismissed his claims for monetary relief.  According to defendants, any award for attorney fees should correspondingly be reduced by half.

Under the law set forth by the Supreme Court, as a prevailing plaintiff in a civil rights case, plaintiff is entitled to an award for time reasonably expended on the case, billed at a reasonable hourly rate.  Hensley v. Eckerhart, 461 U.S. 424, 433 (1985).  To be considered a prevailing party, a plaintiff need not win on every point, but must generally succeed on a significant issue which achieves some of the benefit the party sought in bringing suit.  Id. (citation omitted); see also, Farrar, 506 U.S. at 114.  Plaintiff meets the definition of prevailing party in this case.

Given attorney Manville's expertise in the area of prisoners' rights, the court finds that his hourly rate of $300 is reasonable in the prevailing market.  In addition, Mr. Manville's experience undoubtedly enables him to spend less time litigating prisoner cases than other, less-qualified attorneys.  The court GRANTS plaintiff's application for attorney fees in the amount of $32,220.00 and costs in the amount of $798.93, for a total award of $33,018.93.

Dated:  November 8, 2011

                                        S/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon parties/attorneys of record on
November 8, 2011, by electronic and/or ordinary mail.

S/Marcia Beauchemin
Deputy Clerk