UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAGEED AKRAWI,

    Plaintiff,

                                                                          Case No. 10-CV-13234

vs.                                                       HON. GEORGE CARAM STEEH

JOHN REMILLET, et al.,

    Defendants.
_____/

ORDER DENYING DEFENDANTS'
MOTION FOR STAY PENDING APPEAL [DOC. 45]

      Plaintiff Rageed Akrawi filed his 42 U.S.C. §1983 action against defendants John Remillet and Barbara Sampson in their individual and official capacities. The complaint asserts that defendants violated plaintiff's right, under the Fourth Amendment and Michigan law, to be free from false imprisonment and false arrest when they ordered him to report to the Parole Office or face arrest after he had been discharged from his parole. Plaintiff also alleges defendants violated his Fourteenth Amendment and state due process rights by cancelling his parole discharge without first providing notice and a hearing. Plaintiff sought a declaration that his constitutional rights were violated, an injunction reinstating the discharge of parole, and compensatory and punitive damages. This court granted plaintiff's motion for summary judgment in part by declaring that his due process rights had been violated and ordering that he be given a hearing within 60 days, as outlined in the court's opinion and order. It is the court's understanding that a hearing before a parole board member is scheduled for November 28, 2011.

      This court considers four factors when determining whether to grant a stay pending appeal from a final judgment providing for injunctive relief:

      (1) whether the movant has a strong likelihood of success on the merits;

[(2)] whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of the injunction.

Hunter v. Hamilton Cnty. Bd. of Elections, 635 F.3d 219, 233 (6th Cir. 2011) (citation omitted).

In granting partial summary judgment to plaintiff, the court found that once plaintiff was given a parole discharge, he was entitled to due process before the discharge could be taken back. For the reasons discussed in the court's opinion and order, the court does not find that defendants have a strong likelihood of success on the merits of their appeal in this case. Furthermore, staying the hearing ordered by the court would deprive plaintiff of due process, which is the constitutional violation defendants were found to have committed. The court has ordered that plaintiff be given a hearing, but has not expressed any view regarding the outcome of the hearing.

As the defendants point out in their pleadings, plaintiff is on the lowest level of parole supervision which allows him to report in by telephone. The court is not convinced that denying the motion to stay pending appeal will place the community in any enhanced danger. Now, therefore,

IT IS HEREBY ORDERED that defendants' motion for stay pending appeal is DENIED.

Dated: November 21, 2011

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

2

CERTIFICATE OF SERVICE

Copies of this Order were served upon parties/attorneys of record on
November 21, 2011, by electronic and/or ordinary mail.

S/Marcia Beauchemin
Deputy Clerk